UNITED STATES DISTICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN

CHRISTOPHER BROWN,

    Plaintiff,

v.

FCA US LLC,

    Defendant,

Case:

Hon:

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 540-6814
sbatey@bateylaw.com

## COMPLAINT

NOW COMES, Plaintiff Christopher Brown, by and through his attorneys Scott P. Batey and the Batey Law Firm, PLLC and for his Complaint against Defendant, Fiat Chrysler Automotive, LLC, states as follows:

1.    Plaintiff, Christopher Brown (hereinafter "Plaintiff"), is a resident of the City of Ypsilanti, County of Washtenaw, and State of Michigan.

2. Defendant, FCA US LLC (hereinafter "Defendant") is a foreign limited liability company incorporated under the laws of the State of Delaware, that is duly authorized to do business in the County of Wayne, State of Michigan and whose resident agent is The Corporation Company has an address of 229 Brookwood Dr., Ste 14, South Lyon, MI 48178, and whose principal place of business is 38111 Van Dyke Ave, Sterling Heights, MI 48315.

3. Venue is proper in the District Court for the Eastern District of Michigan pursuant to 28 USC §1391(b) and (c).

4. This Honorable Court has subject matter jurisdiction under 28 USC § 1331, and pendent jurisdiction over Plaintiff's state law claims under 28 USC §1367.

5. The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

6. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful disability discrimination in violation of the American with Disabilities Act of 1990 ("ADA"), and the Michigan Persons with Disabilities Civil Rights Act, MCLA §37.1101, *et seq.* ("PWDCRA"), and age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et. seq.*, ("ADEA"), Michigan Elliott-Larsen Civil Rights

2

Act, MCLA §37.2101, *et seq*. ("ELCRA"), and which resulted in emotional and economic damages to Plaintiff. age discrimination

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. Plaintiff is a 60-year-old African American male.

9. In or around January 1999, Plaintiff began his employment with Stellantis N.V., which was then known as Fiat Chrysler Automotive (FCA).

10. From 1999 to 2010, Plaintiff worked at multiple FCA/Stellantis N.V. plant locations in Southeast Michigan.

11. Since 2010, Plaintiff has been working at the FCA Plant location in Sterling Heights, Michigan.

12. On or around March 2013, Plaintiff began working as a Maintenance Supervisor at the Sterling Heights FCA Plant for Defendant.

13. Since 2013, Plaintiff has been targeted by his employer and its employees and/or agents on the basis of his disabilities.

14. Plaintiff suffers from a heart condition that causes him to take medication and is a disability that substantially interferes with major life activities.

15. Plaintiff has had two hip replacements since becoming employed by Defendant.

3

16. Plaintiff suffers from bone spurs in his feet, which is a disability that substantially interferes with major life activities.

17. Plaintiff has been mocked, harassed and discriminated aginst by multiple job supervisors during the time he has been employed by Defendant on the basis of his disabilities.

18. At all times pertinent, Plaintiff has been able to perform the essential functions of his job.

19. Plaintiff has been targeted repeatedly by Defendant and its employees/agents on the basis of his disability and his age.

20. Plaintiff's supervisors have been critical and nitpicked his job performance due to his disability and age.

21. Plaintiff received false and baseless performance critiques and reprimands as a way to harass and discriminate against him due to his disabilities and age.

22. Over the past ten years, Plaintiff has been fired four times and reinstated four times by FCA as part of the UAW-FCA (Stellantis N.V.) labor agreement.

23. Defendant has created pretextual reasons for Plaintiff's termination.

24. Plaintiff has suffered a damaged reputation at work because of the discriminatory and illegal firings he has faced.

25. Upon information and belief, Defendant hired a significantly younger employee with no disabilities to replace Plaintiff.

26. On or about December 29, 2021, Plaintiff filed a Charge of Discrimination under the ADA and the ADEA with the EEOC and has received a Right to Sue letter against Defendant on or about January 4, 2022.

## COUNT I
## VIOLATIONS OF THE
## AMERICANS WITH DISABILITIES ACT OF 1990

27. Plaintiff incorporates by reference paragraphs 1 through 26 of the Complaint as though fully set forth herein.

28. At all times relevant Plaintiff suffered from a heart condition, and bone spurs which is a disability under the ADA, which Defendant regarded as a disability and which substantially interferes with major life activities.

29. At all times relevant Plaintiff suffered from a disability of bone spurs which is a disability under the ADA or which Defendant regarded as a disability and which substantially interferes with major life activities.

30. At all times relevant Plaintiff suffered from a disability of a replaced hips which is a disability under the ADA or which Defendant regarded as a disability and which substantially interferes with major life activities.

31. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disabilities.

32. At all times relevant Plaintiff was able to perform the essential functions of his job.

33. Plaintiff's disabilities were a factor in Defendant's employment decisions.

34. Defendant is an employer within the meaning of the ADA.

35. Plaintiff has been subjected to discriminatory treatment based upon his disabilities, his perceived or regarded disabilities, and his request for accommodations, by Defendant, its employees and agents to the point where his status as an employee has been detrimentally affected.

36. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

37. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for his disabilities.

6

    b. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

    d. Overly scrutinizing Plaintiff's work and falsely accusing him of issues as a pretext to wrongfully terminate him.

    e. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees; and

    f. Taking adverse employment against Plaintiff due to his disabilities.

38. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

39. Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary

damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.*

40. Plaintiff incorporates by reference Paragraphs 1 through 39 above as though more fully set forth herein.

41. At all times relevant Plaintiff suffered from a heart condition, which is a disability under the PWDCRA, which Defendant regarded as a disability and which substantially interferes with major life activities.

42. At all times relevant Plaintiff suffered from a disability of bone spurs under the ADA, which Defendant regarded as a disability and which substantially interferes with major life activities, including his employment.

43. At all times relevant Plaintiff suffered from a disability of a replaced hips which is a disability under the PWDCRA or which Defendant regarded as a disability and which substantially interferes with major life activities.

44. Defendant is an employer within the meaning of the PWDCRA.

45. Plaintiff has been subjected to discriminatory treatment based upon his disabilities by Defendant, its employees and agents to the point where his status as an employee has been detrimentally affected, creating a hostile work environment.

8

46. Plaintiff is entitled to exemplary and compensatory damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

47. Defendant and its agents, employees and representatives violated the PWDCRA by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by refusing to accommodate Plaintiff;

   b. Preventing Plaintiff from having full and fair opportunities to his employment based upon his disabilities.

   c. Taking adverse employment actions against Plaintiff due to his disabilities.

48. Defendant owed Plaintiff, a disabled employee, a duty to adequately advise its employees to refrain from discriminating against employees.

49. As a direct and proximate result of Defendant's discrimination of Plaintiff solely on the basis that he had disabilities or was perceived by Defendant to be a person with disabilities Plaintiff has sustained injuries including, but not limited to:

   a.   Economic damages;

   b.   Mental anguish;

   c.   Embarrassment;

   d.   Anxiety;

   e.   Emotional distress;

  f.  Loss of self-esteem.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary and compensatory damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## AGE DISCRIMINATION

49. Plaintiff incorporates by reference paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50. Pursuant to the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621, and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. Plaintiff is guaranteed the right to be free from discrimination from his employer and/or supervisors based upon his age.

51. Plaintiff's age was a factor in Defendants' employment decisions, including but not limited to his multiple terminations.

52. Defendant is Plaintiff's employer within the meaning of the ELCRA and ADEA.

53. During the course of his employment with Defendant, Plaintiff was subjected to unwelcome age discrimination, including, but not limited to, adverse

employment action based upon his age, including targeting by management because of his age and termination.

54. The age discrimination and adverse employment actions by Defendant were intentional and willful, and had the purpose and/or effect of substantially interfering with Plaintiff's employment.

55. The age discrimination and conduct by Defendant violate the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 623.

56. As a proximate result of the age discrimination and conduct by Defendant, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant, in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/ Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, MI 48025
    (248) 540-6800-telephone
    (248) 540-6814-fax
    sbatey@bateylaw.com

Dated:  March 24, 2022

## DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, Christopher Brown, by and through his attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By:  /s/ Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated:  March 24, 2022