UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER BROWN,<br>     Plaintiff,<br>v.<br><br>FCA US LLC,<br>     Defendant.<br>_____/ | Case No. 22-10626<br><br>Nancy G. Edmunds<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL
### (ECF No. 12)

Plaintiff Christopher Brown filed this case on February 24, 2022. (ECF No. 1). Plaintiff raises claims of violations of the Americans with Disabilities Act ("ADA"), violation of the Michigan Persons with Disabilities Act, and claim of age discrimination under both the Age Discrimination Act of 1967 and the Michigan Elliott-Larsen Civil Rights Act. (*Id.*). This Court declined to exercise supplemental jurisdiction over the state-law claims from the Michigan Persons with Disabilities Act and the Michigan Elliott-Larsen Civil Rights Act. (ECF No. 3). This matter is presently before the Court on Defendant's March 3, 2023, motion to compel Plaintiff to respond to his first interrogatories and requests for production. (ECF No. 12). This motion to compel was referred to the undersigned. (ECF Nos. 13; 14).

  **I.**  **DISCUSSION**

1

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

Defendant alleges this motion is necessary because Plaintiff has not responded to Defendant's first set of interrogatories and requests for production of documents. (ECF No. 12, PageID.61). Defendant served Plaintiff with the first set of discovery requests on November 15, 2022. (*Id.*). On December 13, 2022, Plaintiff's counsel requested an extension to December 27, 2022, which Defendant

agreed to. (*Id.* at PageID.62). Plaintiff's responses have not been served since. (*Id.*).

Also on November 15, 2022, Defendant served a notice for Plaintiff's deposition to take place on December 15, 2022. (*Id.* at PageID.61). On November 16, 2022, Plaintiff's counsel conveyed they would not be available on the date requested and asked the parties stipulate to an extension of discovery through March 15, 2023, which Defendant agreed to. (*Id.*). On December 15 and December 27, 2022, Defendant requested available dates for Plaintiff's deposition in January 2023. On February 23, 2023, Defendant proposed several dates for the deposition in March, but received no response. (*Id.* at PageID.62).

Plaintiff did not oppose the instant motion. Defendant seeks this Court to order Plaintiff to respond to the first set of discovery requests within 20 days of this order and to produce Plaintiff for deposition 40 days from this order. (*Id.* at PageID.63). Defendant seeks a 20-day extension to both the discovery completion date and dispositive motion deadline considering this motion. (*Id.*). As Plaintiff does not oppose this motion and the relief sought is reasonable, Defendant's motion to compel is **GRANTED**. Plaintiff must fully answer within **20 days** of this Order and produce Plaintiff for deposition within **40 days** of this Order. The discovery deadline and dispositive motion deadline are **EXTENDED 20 days** and **40 days**, respectively. The Court concludes other sanctions are not warranted for

3

now. If Plaintiff remains non-compliant with this Order, Plaintiff is warned that the Court can issue an order to show cause as to why further sanctions, as specified in Fed. R. Civ. P. 37(b)(2), up to and including judgment by default and contempt, should not be awarded against him.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 22, 2023,   s/Curtis Ivy, Jr.
　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　United States Magistrate Judge